**THE SURF CLUB, a corporation not for profit, organized and existing under the laws of the State of Florida, v. TATEM SURF CLUB, INC., a corporation, for profit, organized and existing under the laws of the State of Florida.**

21 So. (2nd) 717           January Term, 1945

April 6, 1945                Division A.

Rehearing denied May 4, 1945

*John M. Murrell* and *McKay, Dixon & DeJarnette*, for appellant.

*George H. Salley*, for appellee.

BUFORD, J.:

This case is before us on appeal from final decree dismissing bill of complaint after issues made up and taking of testimony before a special master. This is the second appearance of the cause here. See 151 Fla. 406, 10 So. (2nd) 554.

We think the opinion and judgment rendered upon rehearing granted established the law of the case. In that opinion it was said:

"The continued use as the corporate name of 'Tatem Surf Club, Inc.' by the defendant is clearly a violation of the statute; the alleged injury to plaintiff is substantial and peculiar to its statutory rights. The elimination of the word 'club' from defendant's corporate name does not affect the defendant's authorized business franchise or rights; and a lawful name may be used. The allegations show justiciable injury to plaintiff having a prior lawful right, and the law affords appropriate remedy by due course of law in order that right and justice may be administered."

There we held that the use of the name "Tatem Surf Club, Inc." by the defendant is a clear violation of the statute and the rationale of the opinion was that while this alone would not be sufficient ground for granting the relief prayed, yet, that condition existing, taken together with the alleged substantial and peculiar injury to the plaintiff, did state ground for relief. So the only question presented for our consideration at this time is, whether or not the proof supports the allegations showing a justiciable injury of plaintiff having a prior lawful right to the use of the word "club" in the name under which it operates.

The special master found, inter alia, as follows:

"The evidence fails to establish that there is any actual confusion in the minds of persons doing business with plaintiff, or in the minds of the members of the general public, as to the identities of plaintiff and defendant.

"11. The evidence fails to establish that defendant has endeavored or is endeavoring to pass off its business as the business of plaintiff. There is no evidence that any of plaintiff's business has been or is being unfairly diverted to defendant.

"12. The evidence fails to establish that defendant's use of the word 'Club' in its name has caused any damage or injury to plaintiff or to the members of plaintiff."

And then, in his conclusions of law, found:

"The evidence fails to show that defendant's use of the word 'club' in its name has caused any damage or injury to plaintiff or its members. The evidence fails to show that defendant has endeavored or is endeavoring to pass off its business as the business of plaintiff. The evidence fails to show that any of the plaintiff's business has been or is being diverted to defendant. Consequently said court should enter a decree dismissing said amended bill of complaint and the cause of action therein pleaded out of court with prejudice."

The Court entered its final decree as follows:

"It Is Ordered, Adjudged and Decreed that the exceptions to the master's report herein filed be and the same is hereby overruled.

It Is Further Ordered that the master's report stand confirmed and that the bill of complaint as amended stand dismissed."

We are unable to say that the decree of the court is clearly erroneous or is against the weight of the evidence. Therefore, the decree should be and is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.